IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| SIMEON YISRAEL, | : Case No. 1:20-cv-764 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| BARRY HIXON, *et al.*, | : |
| Defendants. | : |

## ORDER GRANTING MOTION TO DISMISS (Doc. 3)

This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 3) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff did not file a response in opposition and his time to do so has expired. As such, this matter is ripe for the Court's Review.

### FACTS

Plaintiff Simeon Yisrael was an Adecco employee on a temporary work assignment at Valvoline, LLC in Cincinnati, Ohio. On or around August 29, 2019, Valvoline Employee Relations Manager Cindi McCloskey informed all temporary workers that Valvoline would begin releasing them due to decreased work demand. (Doc. 2 at p. 5.) On or around September 24, 2019, Plaintiff was sitting while on duty because he was waiting for a coworker to change the oil on some machinery. (*Id.* at p. 3.) While sitting, Plaintiff experienced a "brief period of insomnia or drowsiness." (*Id.*) Plaintiff's supervisor, Barry Hixon, approached Plaintiff and told him that if he felt

himself falling asleep to get up and walk around for a few minutes. Plaintiff finished out the day without any further communications with either Defendant. The next morning, however, Hixon approached Plaintiff and informed him that he was fired.

In January 2020, Plaintiff filed this lawsuit against Ms. McCloskey and Mr. Hixon in the Hamilton County, Ohio Court of Common Pleas. (*Id.*) Defendants subsequently removed the case and filed the present Motion to Dismiss (Doc. 3).

## LAW

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Defendants contend that Plaintiff's Complaint is legally deficient for several reasons. First, the Complaint fails to allege enough facts to support a claim for relief under any statute cited by Plaintiff. Second, even assuming Plaintiff intended to raise claims for wrongful termination or discrimination, his allegations cannot support such

2

claims. And third, the Complaint includes only vague and conclusory allegations and fails to adequately allege any plausible cause of action under any other statute or common law. For these three reasons, Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The Court agrees. First, the only legal authority Plaintiff cites is that his claims arise under 42 U.S.C. § 1983 for violations of rights secured by the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 2 at p. 2.) But in order to state a claim under § 1983, a defendant must act under the color of state law, and these Defendants are not state officials. Both McCloskey and Hixon are employees of Valvoline, a private company, and the allegations in Plaintiff's Complaint involve Defendants acting in their capacity as such. Although private parties can act under color of state law if their conduct is "fairly attributable to the state," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), Plaintiff makes no such allegations here. As such, Plaintiff's allegations fail to state a plausible claim under 42 U.S.C. § 1983. *See, e.g., Brown ex rel. Thomas v. Fletcher*, 624 F. Supp. 2d 593, 606 (E.D. Ky. 2008) (granting defendant's motion to dismiss because defendants were "not state actors, and as such, cannot be liable under 42 U.S.C. § 1983.").

Second, even if the Court assumed that Plaintiff intended to raise his claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and/or the Ohio Civil Rights Act, ORC § 4112, *et seq.*, his claims would still fail. Title VII makes it unlawful for an employer to discriminate in its employment practices on the basis of race and other protected characteristics. The ADA

3

provides similar protections for individuals with a disability. And, the Ohio Civil Rights Act prohibits employment discrimination on the basis of both race and disability. Each statute, however, only provides for private causes of action against employers, not individual liability for employees of the employer who are working within the scope of their job duties. *See Wallace v. Henderson*, 138 F. Supp. 2d 980, 983 (S.D. Ohio Dec. 7, 2000) (dismissing Plaintiff's claim because Title VII does not provide for individual liability); *Powell v. Morris*, 1998 U.S. Dist. LEXIS 20711 at *16 (S.D. Ohio Nov. 2, 1998) ("There is no individual liability under the ADA."); *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 752 (S.D. Ohio Apr. 25, 2018) (dismissing plaintiff's discrimination claims against individual defendants because § 4112.02(A) does not authorize individual liability). Here, the only named Defendants are individual employees of Valvoline who were working within the scope of their job duties.

Third, Plaintiff's Complaint fails to allege any plausible cause of action under any other statute or common law. Plaintiff's Complaint merely recites factual allegations that demonstrate his belief that his release from Valvoline was unfair. Although Plaintiff may genuinely hold this belief, his Complaint is devoid of any legal authority demonstrating that his allegations give rise to an actionable claim for relief.

4

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Doc. 3) is **GRANTED** and Plaintiff's Complaint (Doc. 2) is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. This matter is therefore closed on the docket of this Court.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND